UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Aetna Life Insurance Company,
a Connecticut Corporation,

    Plaintiff,

v.                                        Honorable Sean F. Cox

Toni Marie Gablow, *et al.*,              Case No. 09-14049

    Defendants.
_____/

## OPINION & ORDER

Aetna Life Insurance Company "(Aetna")" filed this interpleader action in order to deposit life insurance proceeds with the Court and have the Court determine which of two potential claimants is entitled to the proceeds. Only one of the two interpleader defendants has entered an appearance or asserted a claim to the proceeds. The matter is now before the Court on: 1) Aetna's motion seeking an award of attorney fees and costs it incurred in this action as a disinterested interpleader stakeholder; and 2) a motion filed by the sole interpleader Defendant who has asserted a claim to the proceeds, seeking an order awarding her the funds. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

For the reasons that follow, the Court shall GRANT Defendant Toni Marie Gablow's

1

motion seeking entry of a default judgment against Defendant Melissa Lee Oloson and shall award the insurance proceeds to Toni Marie Gablow – the sole interpleader Defendant who has appeared in this action and asserted a right to the funds. The Court shall also GRANT Aetna's unopposed motion seeking an award of attorney fees and costs.

BACKGROUND

Decedent George Gablow had an Aetna life insurance policy through his employment with Consumers Energy. At the time of his death on July 31, 2008, Fay E. Gablow was the designated beneficiary of the policy. She, however, pre-deceased Mr. Gablow.

Plaintiff Aetna brought this interpleader action, seeking to deposit $188,125 in life insurance proceeds with the Clerk of the Court, and have the Court determine which of the following two potential claimants should receive the proceeds: 1) Toni Marie Gablow; or Melissa Lee Olosen.

Only Toni Marie Gablow has filed an answer or appeared in this action.

Aetna was unable to locate and personally serve Olosen. As such, Aetna requested and obtained an Order from this Court allowing it to serve Olosen through publication. Following that publication, however, Olosen has still not answered or appeared in this action.

Aetna requested, and obtained, a Clerk's Entry of Default as to Olosen on May 20, 2010. (Docket Entry No. 10). Thus, of the two potential claimants, only Toni Marie Gablow has appeared in this action and asserted a claim for the life insurance proceeds.

This Court held a status conference in this matter on June 29, 2010. Aetna and Toni Marie Gablow were the only parties who appeared for the conference.

On July 22, 2010, a stipulated order was entered which: 1) allowed Aetna to deposit a

2

total of $221,021.29, representing $188,125 in life insurance proceeds and $32,896.29 in interest, with the Clerk of the Court; 2) discharged Aetna from any claims for benefits, damages or liability arising out of or relating to the Policy; and 3) allowed Aetna to file a motion seeking its attorney fees and costs in this action. (Docket Entry No. 21).

On July 26, 2010, Aetna filed its Motion for Attorney Fees and Costs. (Docket Entry No. 22). No brief in opposition to the motion has been filed and the time for doing so has expired.

On August 6, 2010, Toni Marie Gablow filed a "Motion for Judgment Pursuant to FCRP 56 or FRCP 55 Against Co-Defendant Melissa Olosen. (Docket Entry No. 23). No brief in opposition to her motion has been filed and the time for doing so has expired.

## ANALYSIS

A. <u>This Court Shall Award The Life Insurance Proceeds To Toni Marie Gablow, The Only Potential Claimant Who Has Appeared In This Action And Asserted A Right To The Proceeds.</u>

Aetna brought this interpleader action in order to deposit $188,125 in life insurance with the Clerk of the Court, and then have the Court determine which of the following two potential claimants should receive the life insurance proceeds: 1) Toni Marie Gablow; or 2) Melissa Lee Olosen. Defendant Toni Marie Gablow, Decedent's surviving spouse, however, is the only interpleader defendant who has appeared in this action and asserted a right to the life insurance proceeds. Defendant Melissa Lee Olosen has not appeared or filed an answer and a Clerk's Entry of Default as to Olosen was entered on May 20, 2010. (Docket Entry No. 10).

On August 6, 2010, Toni Marie Gablow filed a "Motion for Judgment Pursuant to FRCP 56 or FRCP 55 Against Co-Defendant Melissa Lee Oloson." (Docket Entry No. 23). In this motion, Toni Marie Gablow asserts that the Court should award her the life insurance proceeds

3

at issue in this action and that the Court could do so in a variety of ways, including by virtue of entering a default judgment against Olosen.

The Court agrees that it is appropriate to enter a default judgment against Melissa Lee Olosen and award Toni Marie Gablow the funds at issue in this case.

"While more frequently it is the plaintiff who moves for entry of default judgment, the right of a defendant in an interpleader action to do so is recognized." *Sun Life Assurance Co. of Canada v. Conroy,* 431 F.Supp.2d 220, 226 (D. Rhode Island 2006) (collecting cases); *see also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust*, 2009 WL 1362067 (E.D. Tenn. 2009); *Mt. Carmel Mercy Hosp. v. United States*, 702 F.Supp. 627, 628 (E.D. Mich. 1989);

FEDPROC. § 49:32 *Determination of Right to Fund* ("An interpleader fund may be distributed to one defendant after default judgment has been taken against another, if the first defendant is the only remaining claimant to the fund, and no further proceeding is necessary for the remaining claimant to establish its claim to the fund.").

This is so because a "named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.*" Sun Life Assurance Co.*, 431 F.Supp.2d at 226-27.

Accordingly, the Court finds that defaulted interpleader Defendant Ms. Olosen has forfeited any claim to the insurance proceeds. The Court further finds that Toni Marie Gablow, by virtue of her status as the sole remaining interpleader defendant who has asserted a claim to

the proceeds, is entitled to the funds which have been deposited with the Court.

B.  <u>Aetna's Unopposed Motion For Attorney Fees And Costs Shall Be Granted.</u>

In this motion, Aetna seeks an order awarding disbursement from the escrow account in the amount of $12,322.85, representing $11,060.60 for its attorney fees in this action and $1,262.25 for its costs incurred in this action. Aetna's motion explains that "[d]ue to the investigation required and the number of and methods of attempts to serve Ms. Olosen within Michigan and out of state," it incurred, through no fault of its own, more attorney fees and costs that it typically does in an interpleader action.

Although neither Rule 22 nor the interpleader statute contain an express reference to costs or attorney's fees, a federal court has the discretion to award costs and attorney fees to the stakeholder in an interpleader action. *Holmes v. Artists Rights Enforcement Corp.*, 148 Fed.Appx. 252, 259 (6th Cir. 2005). "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharged from liability." *Id*. "The only limiting principle is reasonableness, and it is at the discretion f the Court to determine what award is appropriate." *Id.*

Here, Aetna is a disinterested stakeholder, who has conceded liability, deposited the disputed funds into court, and obtained a discharge from liability. Moreover, the only individual asserting a claim to the insurance proceeds (Toni Marie Gablow) did not file a brief opposing Aetna's motion or disputing the reasonableness of the fees and costs requested.

Having considered Aetna's motion, the actions that it was required to take in order to properly serve Defendant Melissa Lee Oloson, and the amount of attorney fees and costs sought,

the Court shall grant Aetna's unopposed motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Aetna's unopposed Motion for Attorney's Fees and Costs is GRANTED. Counsel for Aetna shall submit a proposed order consistent with this Opinion & Order within fourteen (14) days of this Opinion & Order.

IT IS FURTHER ORDERED AND ADJUDGED that defaulted interpleader Defendant Melissa Lee Olosen has forfeited any claim to the insurance proceeds at issue in this action.

IT IS FURTHER ORDERED AND ADJUDGED that Toni Marie Gablow, by virtue of her status as the sole remaining interpleader Defendant who has asserted a claim to the proceeds, is entitled to the funds which have been deposited with the Court. Counsel for Toni Marie Gablow shall submit a proposed order disbursing the deposited funds, less the attorney fees and costs awarded to Aetna, within twenty one (21) days of this Opinion & Order.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 13, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager